ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID T. TERRELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-088 |
| | ) | |
| ANTHONY WASHINGTON, JAN | ) | |
| MARTIN, and L. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants at JSP: (1) Anthony Washington, Warden, (2) Jan Martin, employed in the "business office," and (3) L. Jackson, employed in the mailroom. (Doc. no. 1, pp. 1, 4).

According to Plaintiff, on August 22, 2008, he mailed, using indigent postage, "legal mail" to the United States District Court in Valdosta, Georgia. (Id.). Plaintiff maintains that Defendant Jackson signed, presumably a mail log, indicating that Plaintiff had submitted the "legal mail." (Id.). Next, Plaintiff maintains that the "legal mail" was "sent out" by Defendant Martin. (Id.). Plaintiff provides that on August 25, 2008, the "legal mail" (submitted on August 22nd) was returned to him opened, and with the standard mail rather than through the channels used for legal mail. (Id.).

Plaintiff alleges that he attempted to exhaust his administrative remedies; however, he notes that he never received responses to his informal grievance, formal grievance, or appeal to his grievance. (Id.). Plaintiff complains that the staff at JSP are not doing their jobs because they are not responding to grievances. (Id.). Plaintiff notes that Defendants Jackson and Martin work for Defendant Washington and are apparently under his supervision. (Id.).

As relief, Plaintiff seeks damages "of mental pains" in the amount of $650.00 per day, from each Defendant, for every day he remains "locked up." (Id. at 6). Plaintiff would also like a federal investigation of JSP concerning the running of the prison. (Id.). Finally, he seeks an injunction to prevent Defendants from retaliating or transferring Plaintiff for

2

filing the above-captioned complaint. (Id.).

**II. DISCUSSION**

    **A.    Procedures and Grievance Claims**

To the extent Plaintiff alleges that his constitutional rights were violated because his grievances and appeal were processed in a manner that did not comply with JSP grievance procedures, his claim must fail. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation."[2] Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State

---

    [2]Similarly, to the extent Plaintiff may be asserting a claim that his constitutional rights were violated because the mailroom staff did not follow institutional mail procedures (doc. no. 1) his claim fails.

3

Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff merely states that he was deprived of his rights because he purportedly did not receive responses to the grievances he filed. However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's claim regarding an alleged violation of the grievance procedures fails as a matter of law.

B. Access to the Courts

In the event that Plaintiff may be trying to assert a denial of access to the courts claim by asserting that his legal mail had been opened, his claim fails. (Doc. no. 1, p. 5). To state a viable denial of access to the courts claim, a Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivous (and therefore viable) claims challenging

4

Plaintiff's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Although Plaintiff states that his one envelope containing legal mail had been opened, Plaintiff alleges no facts which demonstrate that he had possibly viable claims that were negatively impacted by the opening of the envelope. Nor does he say that the opening of his mail resulted in a dismissal or any detriment to any case. Moreover, Plaintiff does not claim

that he was denied access to legal materials, only that one envelope containing legal mail was opened. As such, Plaintiff's denial of access to the courts claim should be dismissed.[3]

### C. *Respondeat Superior*

While Plaintiff names Defendant Washington as a Defendant, he does not assert any allegations of wrong doing regarding this Defendant, in his statement of claims. In fact, Plaintiff does not mention Defendant Washington anywhere in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties

---

[3] In the event Plaintiff is attempting to assert a First Amendment violation, his claim fails. It is well established that prisoners retain First Amendment rights. Owen v. Willie, 117 F.3d 1235, 1237 (11th Cir. 1997). As the Supreme Court has emphasized, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Id. (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987))). However, the Court has also recognized that "these rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Id. (citing Thornburgh, 490 U.S. at 407 (quoting Turner, 482 U.S. at 85, 107 S.Ct. at 2259-60)). Here, Plaintiff has not alleged that it is a JSP prison policy to open legal mail or censor the mail in any way. In fact, Plaintiff admits that it is the prison's policy to refrain from opening legal mail, and that in this one instance, a mistake was made. Thus, Plaintiff's First Amendment rights were not violated.

in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.'"))). Thus, in the absence of an allegation of any connection between any actions of Defendant Washington with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis alone, Defendant Washington could be dismissed.

However, even if Defendant Washington had specifically been mentioned as the individually-named Defendants' supervisor, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendant Washington was personally involved with opening Plaintiff's mail.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Washington and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between

a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Washington. Accordingly, Plaintiff fails to state a claim for relief against Defendant Washington.

### D. Psychological Damages

Plaintiff also seeks $650 per day from each Defendant for each day he is "locked up" for psychological damages. When a lawsuit involves (1) a federal civil action (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody, § 1997e(e) requires a showing of more than *de minimis* physical injury in order for the plaintiff to proceed. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). In this case, Plaintiff does not contend that he suffered any physical injury

---

[4] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

resulting from the Assignment. Consequently, Plaintiff has failed to allege facts sufficient to satisfy the mandates established by § 1997e(e). Therefore, <u>if</u> Plaintiff had stated a viable claim, his request for $650 per day from each Defendant for each day he is "locked up," for psychological damages, would be barred by 42 U.S.C. § 1997e(e).

### III. CONCLUSION

As Plaintiff failed to state a claim upon which relief can be granted against any Defendant, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 19th day of December, 2008, at Augusta, Georgia.

*(signature)*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE